UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. GEDELL,<br><br>  Plaintiff,<br><br>  v.<br><br>MERRICK B. GARLAND, et al.,<br><br>  Defendants. | No.  2:24-cv-02252-DJC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this matter which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff filed this action on August 19, 2024, paid the filing fee, and summons were issued.  Thereafter, there were no additional filings by Plaintiff, and no appearance by any Defendant.  On July 14, 2025, this Court issued an Order to Show Cause (OSC) which directed Plaintiff to show cause in writing within 14 days as to why the action should not be dismissed for failure to effect service and/or for failure to prosecute.  ECF No. 5 at 2.  The OSC further cautioned: "If Plaintiff fails to respond, the court will recommend dismissal of the action."  *Id.*  A response was due by July 28, 2025, and Plaintiff did not respond to the OSC.

The Court now recommends that dismissal of the action is appropriate for both reasons set forth in the OSC.  First, under Federal Rule of Civil Procedure 4(m), if service is not made within 90 days, the Court "must dismiss the action without prejudice" unless the plaintiff provides good

cause for an extension of time. The Rule also allows for the Court to extend the time even without a showing of good cause. *See Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) ("Additionally, the rule [4(m)] *permits* the district court to grant an extension even in the absence of good cause."). Here, there has been no request for additional time, no showing of good cause, and nearly a year has passed since the filing of this action.

Second, the Court has considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and concludes that dismissal for failure to prosecute is appropriate. In considering whether to dismiss a claim for failure to prosecute, the Court considers: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. *Id.* at 1260-61.

**1. Public's interest in expeditious resolution of the litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This action was filed nearly a year ago, in August 2024. Plaintiff has made no filings in this action for nearly a year. This factor weighs in favor of dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

**2. Court's need to manage its docket**

In evaluating this factor, the trial court "is in the best position to determine whether the delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642. This case has been on the Court's docket for nearly a year. The Court's need to manage its docket weighs in favor of dismissal, particularly given the heavy caseload in this District.

**3. Risk of prejudice to defendant**

In evaluating this factor, the Court considers whether "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. Limited delays and the pendency of a lawsuit are insufficient to establish prejudice. *Id.* However, "[u]nnecessary delay inherently increases the

risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. As Defendants have not appeared, this factor weighs only slightly in favor of dismissal.

**4. Availability of less drastic alternatives**

The Court has considered the availability of less drastic alternatives. The Court has issued an OSC and has cautioned Plaintiff that non-compliance with the OSC would lead to a recommendation to dismiss the action. The Court finds that lesser sanctions would be futile given Plaintiff's lack of participation in the litigation. This factor weighs in favor of dismissal.

**5. Public policy favoring disposition of cases on the merits**

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. This factor generally always weighs against dismissal, and some cases have stated it "strongly counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006). However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* The Court finds this factor weighs against dismissal.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed without prejudice; and
2. The Clerk enter judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 11, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE